**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| **WILLIAM TRAVIS WHITE, SR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 1:19-cv-00057** |
| | ) | |
| **BILLY LAMB, et al.,** | ) | **JUDGE CAMPBELL** |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

Plaintiff William Travis White, Sr., an inmate in the custody of the Marshall County

Sheriff's Office in Lewisberg, Tennessee, has filed a *pro se* complaint under 42 U.S.C. § 1983.

(Doc. No. 1.)  Plaintiff has also filed an application for leave to proceed *in forma pauperis* (IFP).

(Doc. No. 2.)

The case is before the Court for ruling on the IFP application and for initial review pursuant

to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C.

§ 1997e.

**I.      Application to Proceed IFP**

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for

permission to file suit without prepaying the filing fee of $350.00 required by 28 U.S.C. § 1914(a).

Because it is apparent from Plaintiff's IFP application[1] that he lacks the funds to pay the entire

filing fee in advance, his application (Doc. No. 2) is **GRANTED**.

---

[1]      Plaintiff's certified statement of trust fund account activity is attached to his complaint
(Doc. No. 1 at 12) rather than his IFP application.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless assessed the $350.00 civil filing fee. The warden of the facility in which Plaintiff is currently housed, as custodian of Plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility where Plaintiff is housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

## II.     Initial Review of the Complaint

### A.     PLRA Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, Section 1915A provides that the Court shall conduct an initial review of any prisoner complaint against a

governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof

if the defects listed in Section 1915(e)(2)(B) are identified. Under both statutes, this initial review

of whether the complaint states a claim upon which relief may be granted asks whether it contains

"sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face,"

such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill*

*v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678. Applying this standard, the Court must view the complaint in the light most

favorable to Plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v.*

*M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551

F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, pro se pleadings must be liberally

construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*

*v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However,

pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure,

*Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a

plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th

Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

**B.      Section 1983 Standard**

Plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42

U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color

of state law, deprives an individual of any right, privilege or immunity secured by the Constitution

or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a

Section 1983 claim, Plaintiff must allege two elements: (1) a deprivation of rights secured by the

Constitution or laws of the United States, and (2) that the deprivation was caused by a person

acting under color of state law. *Carl v. Muskegon Cty.*, 763 F.3d 592, 595 (6th Cir. 2014).

### C.    Allegations and Claims

Plaintiff alleges that, on June 1, 2019 between the hours of 5:40 and 6:21 a.m., his blood

sugar dropped below normal and he alerted "the Tower" of his need for medical attention. (Doc.

No. 1 at 5.) He alleges that C.O. Mangrum received his request for assistance and notified shift

leaders Melissa Lloyd and Kendra Burton, but that those shift leaders declined to provide

assistance. (*Id.*) Plaintiff alleges that he alerted Correctional Officers Roe and Bennett, who then

notified Nurse Candice, and that Nurse Candice responded to his medical needs. (*Id.*) He alleges

that because of the denial of medical attention by shift leaders Lloyd and Burton, his condition

was left untreated for 40 minutes, and that he suffered numbness in his legs and the ring and pinky

fingers of his left hand. (*Id.*)

In a grievance attached to his complaint,[2] Plaintiff explains that it was because he had taken

his "regular 20 unit[s] of [insulin] at 5:00AM" that Lloyd and Burton declined to respond when

Mangrum relayed Plaintiff's report of feeling his blood sugar drop. (*Id.* at 14.) He states that he

"passed out in a pool of [his] own sweat," and that Nurse Candice treated him by giving him a

glucose pack. (*Id.*)

---

[2]    In screening a complaint under 28 U.S.C. §§ 1915(e) and 1915A, the court may consider grievances attached to the complaint. *Hardy v. Sizer*, No. 16-1979, 2018 WL 3244002, at \*2 (6th Cir. May 23, 2018) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)).

In addition to Lloyd and Burton, Plaintiff sues Marshall County Sheriff Billy Lamb and Jail Administrator Sabrina Patterson, claiming delay/denial of medical attention, deliberate indifference to his medical need, supervisory liability, and negligence. (Doc. No. 1 at 2–3.) He seeks an award of $1.5 million in damages, an order that Lamb and Patterson implement a training program for correctional staff regarding diabetic inmates, and an order that Lamb relieve Lloyd and Burton of their duties. (*Id.* at 5.) He sues all Defendants in their official capacity only. (*Id.* at 2–3.)[3]

### D. Analysis

Plaintiff's allegation that he was denied appropriate medical care implicates his rights under the Eighth Amendment to the U.S. Constitution. "Eighth Amendment jurisprudence clearly establishes that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain that is violative of the Constitution." *Darrah v. Krisher*, 865 F.3d 361, 367 (6th Cir. 2017) (quoting *v. Estelle v. Gamble*, 429 U.S. 97, 104, 105 (1976)) (internal quotation marks omitted). In order to succeed in bringing a deliberate indifference claim in the medical context, Plaintiff must allege the deprivation of a "sufficiently serious" medical need by a Defendant who acted with a "sufficiently culpable state of mind." *Id.* at 367–68 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

Plaintiff's allegations are insufficient to meet the above standard for claiming an unconstitutional delay in providing medical care. Although diabetes is a serious medical condition, and "[e]ven relatively short periods of delay or neglect have sufficed" to establish a deliberate indifference claim, *id.* at 368, Plaintiff's brief drop in blood sugar is not alleged to have resulted

---

[3]    Despite the fact that Plaintiff's complaint indicates that he only sues Defendants in their official capacity, the claim against Defendants Lloyd and Burton is also analyzed below as if they had been sued individually.

in a medical need serious enough to support a constitutional violation. In *Garretson v. City of Madison Heights*, the Sixth Circuit, citing precedent that requires an inmate complaining of a delay in medical treatment to "present 'verifying medical evidence' to establish the detrimental effect of the delay," found that a sufficiently serious medical need was demonstrated by a diabetic inmate who was denied insulin injections and consequently required emergency hospitalization of several days' duration. *Garretson*, 407 F.3d 789, 797 (6th Cir. 2005) (quoting *Napier v. Madison Cty.*, 238 F.3d 739, 742–43 (6th Cir. 2001)). By contrast, Plaintiff here alleges that he received his required insulin injection but subsequently passed out and experienced numbness in his legs and two fingers after a drop in blood sugar that was remedied in short order with a glucose pack. These allegations are insufficient to establish a "sufficiently serious" medical need under *Farmer v. Brennan*.

Moreover, Plaintiff stated in a grievance that Lloyd and Burton declined to treat him promptly because he requested medical attention only forty minutes after receiving his diabetes medication, and he acknowledges that he received appropriate treatment to raise his blood sugar within forty minutes of requesting same. (Doc. No. 1 at 14.) Plaintiff appears to allege that Lloyd and Burton's failure to promptly respond was based on their lack of proper training and knowledge that diabetics can experience issues related to blood sugar levels despite regular insulin treatment. (Doc. No. 1 at 5, 14.) They are not alleged to have been deliberately indifferent to the risk associated with a drop in blood sugar, and although Plaintiff charges them with neglect (*id.* at 14), mere negligence is not an actionable theory of liability under Section 1983. *Boldon v. Claiborne Cty. Det. Ctr.*, No. 3:16-CV-441-TWP-HBG, 2017 WL 4158612, at *6 (E.D. Tenn. Sept. 19, 2017) (citing *Daniels v. Williams*, 474 U.S. 327, 328–331 (1986) (finding that a "mere lack of due care" is not constitutionally actionable)).

Furthermore, in suing all Defendants in their official capacity as county employees, his claims against these Defendants are equivalent to claims against Marshall County, the governmental entity they represent. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing, *e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). But "[m]erely positing a [failure-to-train] theory of legal liability that is unsupported by specific factual allegations does not state a claim for relief" against a municipal defendant. *Newell v. CoreCivic, Inc.*, No. 3:17-cv-01387, 2018 WL 3740759, at \*5 (M.D. Tenn. Aug. 7, 2018). Municipal liability may only be established if the plaintiff's harm is alleged to have been caused by the execution of an official policy or custom of the municipality, rather than simply the misdeeds of municipal employees. *Alkire*, 330 F.3d at 814–15. Plaintiff alleges that after Defendants Lloyd and Burton declined to respond to his request for assistance, he alerted two other correctional officers who did respond by notifying the nurse. (Doc. No. 1 at 5.) He therefore cannot establish that Marshall County itself is "the moving force behind the injury alleged," and so fails to state a viable claim against these Defendants in their official capacity. *Burns v. Robertson Cty.*, 192 F. Supp. 3d 909, 920 (M.D. Tenn. 2016) (quoting *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)) (internal quotation marks omitted).

III.     **Conclusion**

For the reasons given above, Plaintiff's application to proceed IFP (Doc. No. 2) is **GRANTED**, and the complaint is **DISMISSED** for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

This is the final order denying all relief in this case. The Clerk **SHALL** enter judgment.

Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____

WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE